The judgment of the court was pronounced by judge Harrington.
 

 Hab.ringtoK,
 
 Justice:
 

 The constitution makes a manifest distinction between the duties of the register as an accounting officer, and his functions as a judge sitting in the register’s court. Section 21 of article fi, regards him as an auditor to examine, adjust and settle administration accounts, and gives an appeal from this settlement to the
 
 Orphans’’ Court,
 
 where alone these accounts can be questioned. Section 22 considers him for certain purposes as a judge, and au-ihorizes him to hold a
 
 court.
 
 It makes provision for the “litigation >f causes,” and requires depositions to be taken down as a part of ;he “proceedings in the cause.” It contemplates parties litigant and Hidversary proceedings, neither of which is contemplated or practi-■Kally observed as to the matters referred to in section 21. From Whis court the appeal is to the
 
 Superior Court.
 

 M The settlement of an account under section 21, is not a decree for Hhe payment of money.
 

 H It is ex parte. Though it ascertains an amount and binds the admi-Hdstrator until appealed from, it is no decree or judgment for the pay-Hnent of money. It cannot be enforced without action. Such ac-IBon cannot be founded upon it, but must be on the administration.
 
 *438
 
 bond, or in assumpsit on the administrator’s general liability, or under the ac,t of assembly which gives the action of assumpsit to the heir; and regards the settled account merely as the evidence of the debt.
 

 If this be a decree for the payment of money, it would
 
 marge
 
 the action of assumpsit and the action on the bond, and the plea would be nul tiel record, and not non-assumpsit, non est factum, or nil debet.
 

 In the distribution of assets an administrator would have to notice it, if properly alphabeted, without action. This would be a dangerous principle, as well as new. No one looks into the register’s office for judgments or decrees. It might possibly deprive the administrator of the power of showing the payment of debts due from the deceased, made after the settlement, though the law says that this shall be a sufficient answer to the
 
 demand
 
 of the heir.
 

 It would give this mere settled account priority in the distribution of assets over recognizances and obligations of record for the pay-1 ment of money, as well as obligations and contracts under seal, which the legislature could not have intended.
 

 It cannot be a decree for the payment of money, because it does I not ascertain definitively the persons to whom it is payable; and it I would be dangerous to permit the register in this ex parte proceeding to try this question, and conclude the rights of the heirs-at-law,I or persons entitled to shares of the estate. The constitution does! not direct the register to distribute the balance, but only to adjust! and settle the accounts. The act of assembly
 
 (Dig.
 
 227,) directing! in what manner the residue of personal estates shall be distributed,! has reference more to the parties entitled and their rights, than to the! duty of the register in ascertaining who these parties are. This! view derives force from the condition of the administration bond] which requires the administrator to distribute and pay the residue tc the
 
 “-persons entitled,”
 
 an obligation which no mistake of the regis-J ter in passing a distributive account would excuse. If that act au-[ thorizes the register to pass distributive accounts, it is safer to con-1 sider those accounts as open to correction, as they would be in arl adversary suit, than to regard them as definitive decrees, though ex-1 parte. The passing such accounts is not the settlement or adjustj ment of an administration account, but something subsequent ir| which the administrator has no interest, right or duty, and as which there is no party litigating before the court. This act if it bd a
 
 decree,
 
 must be derived from a constitutional power in the registe!
 
 *439
 
 to make such decree; but it is not an act referred to or authorized by section 21 of the constitution. If there be error in any such distributive account, and it is a decree, there is no means of correcting it. The only appeal given by section 21, is to the Orphans’ Court, and the questions to be tried on that appeal have reference only to the
 
 administration
 
 accounts. “Exceptions may be made by persons concerned to both sides of every
 
 such
 
 account.”
 

 No writ of error would lie apart from the constitution; because such writ lies only where the proceedings are according to the course of the common law; and the register’s court, (if in this matter it be a court,) is a summary jurisdiction, compounded of law and fact, which the Court of Errors and Appeals could not try. A certiorari would not lie; and, if it would, it would not be available, for the error would not appear on the face.of the record. v No writ of error is given by the constitution; and it follows that such a decree could not be corrected in any form.
 

 I If it be a decree there is no means of enforcing it, either originally or after appeal to the Orphans’ Court, but by action founded directly upon it; which would not open this question as to the rights of other parties entitled to distributive shares, and would be liable to all the objections before stated. Such an action, besides being unprecedented in our courts, would contradict the decision in
 
 Davis
 
 vs.
 
 Rawlins,
 
 (ante 346;) for on the settled doctrine of merger, no action lof assumpsit can be maintained on the general liability of an admi-Inistrator, after that liability has been fixed by a judgment or decree; land for the same reason it would prevent any action on the administration
 
 bond.
 

 I It would change the act of limitation as to the liability of the ad-Ininistrator in respect to such settled accounts, which is six years from the date of his bond; and make him liable to an action founded fcn the decree for twenty years from the time of passing the accounts.
 

 I The law
 
 (Dig.
 
 226,) did not intend to include such a claim as this In the fifth grade as a judgment or decree for the payment of money, ■or it provides no means of notice to the administrator; and though It requires him to take notice of judgments and decrees, it expressly ■xcuses him for neglecting to notice such, if there has been a failure lo insert such judgments, decrees, &c., in the alphabet of the record B>r docket wherein the same stand. There is no law requiring any alphabet or index to be made of the settlement of administration accounts.
 

 
 *440
 

 J. A. Bayard,
 
 for plaintiff!
 

 Gilpin,
 
 for defendants.
 

 On the second question we are of opinion that this may be fairly regarded for the purposes of the distribution of assets, as
 
 a debt due by bond
 
 or obligation under seal. It is secured by the bond; and the proper remedy for it is by a suit on the bond. The sum is fixed in respect of the administrator by the settlement before the register, if not appealed from, and by the Orphans’ Court on appeal; and the condition of the bond obliges the administrator “to pay it to the person or persons respectively entitled to receive the same.” It does not matter that this bond is in the name of the State, for the same thing is true of “i’ecognizances and obligations of record for the payment of money,” and these are placed by the act in a grade higher than is now assigned to this debt. As a bond debt it is rightfully placed in a rank higher than simple contract debts and other demands; and the placing it in this rank will in no respect embarrass the administration of assets, for the notice to the administrator will be by action. It leaves him as before to look to those claims which have attained the high rank of judgments or decrees where such claims are usually recorded, and in respect to which the law furnishes him with easy access, by requiring correct alphabets to be made, and excuses him from any neglect in noticing such as are not so indexed.
 
 (Dig.
 
 394, 226.)
 

 The chancellor doubted and expressed his doubts as to the second point: he fully agreed as to the first; and was inclined to agree as to the second, on the ground of its equity and justice.
 

 Ordered, that it be certified accordingly.